UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JOE JOHNSON                                                      CIVIL ACTION

VERSUS                                                           NO. 07-1989

GRETNA POLICE DEPARTMENT                                         SECTION: "B"(1)

REPORT AND RECOMMENDATION

Plaintiff, Joe Johnson, a state prisoner, filed this *pro se* complaint, pursuant to 42 U.S.C. § 1983, against the Gretna Police Department. Plaintiff complains that officers used excessive force during his arrest and interrogation in October, 2004.

Federal law mandates that federal courts "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Regarding such lawsuits, federal law further requires:

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
>
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).

Additionally, with respect to actions filed *in forma pauperis*, such as the instant lawsuit, federal law similarly provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action or appeal –
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary damages against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

The Court has broad discretion in determining the frivolous nature of a complaint. Cay v. Estelle, 789 F.2d 318, 325 (5th Cir. 1986), modified on other grounds, Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993). In making that determination, the Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989); Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994). Thus, a complaint is frivolous "if it lacks an arguable basis in law or fact." Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994); Booker, 2 F.3d at 115 & n.6. Broadly reading plaintiff's complaint,[1] the Court finds that his claims should be dismissed as frivolous.[2]

---

[1] The court must liberally construe a *pro se* civil rights complaint. See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994).

[2] It unnecessary to hold a Spears hearing or to allow plaintiff an opportunity to amend his complaint because he has alleged his best case and the underlying defect in this case cannot be cured by an amendment. See Jones v. Greninger, 188 F.3d 322, 327 (5th Cir. 1999); see also Juarez v. Short, 84 Fed. App'x 420, 424 (5th Cir. 2003). Any amendment would be futile because plaintiff

As an initial matter, the Court notes that plaintiff has failed to name a proper defendant. The Gretna Police Department is the sole defendant named in this lawsuit. However, the Gretna Police Department is not a legal entity capable of being sued. Creppel v. Miller, Civil Action No. 92-2531, 1993 WL 21408, at *1 (E.D. La. Jan. 22, 1993); see also Causey v. Parish of Tangipahoa, 167 F. Supp. 2d 898, 909 (E.D. La. 2001); Manley v. State of Louisiana, Civil Action No. 00-1939, 2001 WL 506175, at *2 (E.D. La. May 11, 2001); Norwood v. City of Hammond, Civil Action No. 99-879, 1999 WL 777713, at *3 (E.D. La. Sept. 30, 1999).

Further, in any event, even if plaintiff had named a proper defendant, the claims asserted in this lawsuit are prescribed. "[F]or a § 1983 action, the court looks to the forum state's personal-injury limitations period. In Louisiana, that period is one year." Jacobsen v. Osborne, 133 F.3d 315, 319 (5th Cir. 1998) (citation omitted); see also Clifford v. Gibbs, 298 F.3d 328, 332 (5th Cir. 2002); La. Civ. Code Ann. art. 3492. Plaintiff is complaining about events that occurred in 2004. Accordingly, his claims prescribed long before he filed the instant lawsuit on or about January 8, 2007.[3] A complaint asserting prescribed claims is properly dismissed as frivolous. See, e.g., Brown v. Pool, 79 Fed. App'x 15, 17 (5th Cir. 2003).

## RECOMMENDATION

It is therefore **RECOMMENDED** that plaintiff's complaint be **DISMISSED WITH PREJUDICE** as frivolous.

---

simply is not entitled to relief for the reasons set forth in this opinion.

[3] A *pro se* filing is considered to have been "filed" when the inmate presented it to prison officials for mailing. See Cooper v. Brookshire, 70 F.3d 377, 379-80 (5th Cir. 1995). This Court will consider plaintiff's complaint to have been filed on the date it was signed, January 8, 2007, because that is the earliest date the complaint could have been given to prison officials.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this twenty-fourth day of April, 2007.

_____
**SALLY SHUSHAN**
**UNITED STATES MAGISTRATE JUDGE**